WILLIAM H. ASHTON, APPELLANT, AND GEORGE L. SMITH, PLAINTIFF. IN ERROR, v. CLAUDIUS JONES ET AL., APPELLEES AND DEFENDANTS IN ERROR.

1. **Assignment:** ASSIGNOR: ASSIGNEE. The assignor of property, assigned for the benefit of creditors generally, has no such interest in the distribution as will enable him to maintain an action for an injunction to restrain its appropriation by a single creditor through proceedings in attachment.

2. ———: ———. To such an action the assignee has no right, on his own motion, to come in as a defendant.

3. **Equity.** A defendant in an attachment suit cannot have the aid of equity to prevent a sale of the attached property under an order of the court, on a ground that would have been equally available to him in that suit.

Two cases on error and appeal from the district court of Seward county. Heard below before GEORGE W. POST, J.

*D. C. McKillip* and *Harwood & Ames*, for plaintiffs.

*Hastings & McGintie* and *George W. Lowley*, for defendants.

LAKE, CH. J.

This record comes here both by appeal and by proceedings in error. The appeal is by Ashton, the original plaintiff, and the petition in error by Smith, who sought, unsuccessfully, to be let in as a party defendant.

Ashton was a member of a co-partnership or firm, composed of himself and Peter Hinnegan, and known as Hinnegan & Ashton. The object of the action was two-fold. *First*, to obtain an injunction against the confirmation of a sale of certain real estate belonging to the firm, which had been seized in attachment and sold by order of the court as the individual property of Hinnegan, who held

the legal title in his own name, at the suit of the State Bank of Nebraska against said Hinnegan and Ashton, on a partnership indebtedness; and, *second*, for an accounting between himself and Hinnegan respecting the partnership business, and the application of said real estate toward the payment of the debts of the firm, it having been rendered insolvent by the absconding of Hinnegan with a large sum of its money.

Smith's claim to be made a party rested upon the fact that, after the absconding of Hinnegan, Ashton, acting for the firm, had made to him an assignment of the partnership effects, including the property in question, for the benefit of all of their creditors, his object being the preservation of the estate of the insolvents for a ratable distribution, conformable to the trust he had assumed. The fact of Ashton having made the assignment was not disclosed by his petition, but was brought into the case by the answer of the defendants.

In the orderly examination of the questions presented, it will be best to inquire first whether Ashton is in an attitude to maintain his action. The defendants contend that he is not, and so the court below seems to have held. Two reasons are urged why he cannot maintain the action. *First.* Because by his deed of assignment, he had divested himself of all interest in, and control of, the property, and conferred them upon the assignee. *Second.* Having been a party defendant in the attachment suit, and thus had his day in court respecting the disposition to be made of the property, he cannot now be heard to question the correctness of the judgment by which the sale was made.

It is quite possible that there might be circumstances which would entitle an assignor to the aid of the equity power of a court in the proper enforcement of such a trust; but, however that may be, it is certain that none such are here shown. Doubtless, Ashton has a pecuniary interest in having the property of the partnership go toward the pay-

ment of the firm debts; but whether it shall be taken by a single one of the creditors, or distributed among them *pro rata,* cannot concern him. By the sale under the attachment, the proceeds will go to the State Bank, a creditor of the firm, whereby the result to Ashton will be essentially the same as if a distribution were to be made by the assignee. This appropriation of the property by a single creditor of the firm may be of some consequence to the others, but I fail to see how it can possibly be of any to the assignor. I conclude, therefore, that as against the State Bank especially, the plaintiff exhibits no such interest in the object to be attained by the injunction as will enable him to maintain the action. And, inasmuch as the claim of the bank will exhaust the property covered by the attachment, it is unnecessary to inquire as to the other defendants—the individual creditors of Hinnegan—in this connection.

But how does the fact that Ashton was a party defendant in the attachment suit affect his present standing before the court? Is he entitled to equitable relief as against a judgment to which he was a party? In that suit, the property in question was attached, and by the judgment of the court, ordered to be sold as belonging to Hinnegan alone. In obedience to that judgment, a sale was made without objection by Ashton to this or any of the steps in the attachment proceedings leading up to it. Having made no objection in that case, during its progress, to the character impressed upon the property by the judgment of the court, nor to the disposition made of it, I am of opinion that he cannot now be heard to do so as to any matter of which he could have availed himself there. Equity will not relieve against a judgment at law, where the case in equity proceeds upon a defense equally available at law. Story's Equity Jurisprudence, § 894. No special circumstance is shown to take the case out of this rule.

The application of Smith, the assignee, to be let in as a

party defendant, was rightly refused. In this particular, no principle of law was violated. As against him, nothing was sought by the plaintiff, nor could any interest which he had in the property as assignee have been at all affected by granting the prayer of the petition. Surely, the dismissal of the action did him no harm. This being so, it was the right of the court, under sec. 46 of the code, to refuse his application, and without delay determine the controversy between the parties before it. That section provides that: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." This provision fully sustains the court below in the ruling of which Smith complains, although it is cited by his counsel in support of his claim to be made a party.

His counsel refer also to sec. 144 in support of his claim. This section, however, has reference solely to the amendment of pleadings, etc., and has no application here. It is possible that Smith has an interest in the property, which would be a proper subject of litigation. If so, and he desires to litigate it, he should resort to an independent action, and not seek to do so by championing the failing cause of one who has not.

For these reasons, I am of opinion that the judgment of the district court is right, and should be in all things affirmed.

JUDGMENT AFFIRMED.